UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------- x
                          :
LATOSHA LEE,                     :
                         :       No. 1:19-cv-02751-LAK
            Plaintiff,        :
                         :
          - against -        :
                         :
BLACK ENTERTAINMENT TELEVISION,     :
LLC, a foreign limited liability company;      :
FLAVOR UNIT ENTERTAINMENT, INC., a    :
foreign corporation; NICCI GILBERT,       :
individually,                     :
                         :
            Defendants.     :
-------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

DAVIS WRIGHT TREMAINE LLP

Elizabeth A. McNamara
Jeremy A. Chase
Meredith I. Santana
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Telephone: (212) 489-8230
Email: lizmcnamara@dwt.com
       jeremychase@dwt.com
       meredithsantana@dwt.com

*Attorneys for Defendant Black
Entertainment Television LLC*

EISENBERG TANCHUM & LEVY LLP

Stewart L. Levy
707 Westchester Avenue, Suite 300
White Plains, New York 10604
Telephone: (212) 599-0777
Email: slevy@etllaw.com

*Attorneys for Defendant Flavor Unit
Entertainment, Inc.*

NICOLE J. COWARD, PLLC

Nicole J. Coward
8 West 126th Street, 3rd Floor
New York, New York 10027
Telephone: (646) 798-4500
Email: nicole@nicolecowardlaw.com

*Attorneys for Defendant Nicci Gilbert*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.      A COMPARISON OF THE TWO WORKS IS ALL THAT IS NECESSARY TO
        DETERMINE SUBSTANTIAL SIMILARITY ................................................................ 2

II.     PLAINTIFF'S CLAIM FAILS BECAUSE THE TWO WORKS ARE NOT
        SUBSTANTIALLY SIMILAR ....................................................................................... 5

        A.      Plaintiff Seeks to Avoid the More Discerning Observer Test Because It
                Dooms Her Claim ............................................................................................ 5

        B.      The Treatment and Series Are Not Substantially Similar ...................................... 7

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Murdoch*,
    2011 WL 2802923 (S.D.N.Y. July 14, 2011) ................................................................4

*Astor-White v. Strong*,
    733 F. App'x 407 (9th Cir. 2018) ..............................................................................2, 4

*Castorina v. Spike Cable Networks, Inc.*,
    784 F. Supp. 2d 107 (E.D.N.Y. 2011) ...................................................................5, 8, 9

*CBS Broad., Inc. v. ABC*,
    2003 U.S. Dist. LEXIS 20258 (S.D.N.Y. Jan. 13, 2003)..........................................6, 9

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)..........................................................................................3

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992)..........................................................................................4

*Dillon v. NBCUniversal Media LLC*,
    2013 WL 3581938 (C.D. Cal. June 18, 2013) ..............................................................10

*Effie Film, LLC v. Murphy*,
    564 F. App'x 631 (2d Cir. 2014) ...............................................................................5, 6

*Erickson v. Pardus*,
    551 U.S. 89, 127 S. Ct. 2197 (2007)..............................................................................2

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 111 S. Ct. 1282 (1991)............................................................................8

*Folio Impressions, Inc. v. Byer Cal.*,
    937 F.2d 759 (2d Cir. 1991)..........................................................................................6

*Hamil Am., Inc. v. GFI*,
    193 F.3d 92 (2d Cir. 1999)............................................................................................4

*Herzog v. Castle Rock Entm't*,
    193 F.3d 1241 (11th Cir. 1999) .....................................................................................2

*Hord v. Jackson*,
    281 F. Supp. 3d 417 (S.D.N.Y. 2017).............................................................................6

*Mastercraft Fabrics Corp. v Dickson Elberton Mills Inc.*,
821 F. Supp. 1503 (M.D. Ga. 1993) ...........................................................................6

*Nichols v. Universal Pictures Corp.*,
45 F.2d 119 (2d Cir. 1930)............................................................................................1

*Nobile v. Watts*,
747 F. App'x 879 (2d Cir. 2018) .............................................................................4, 6

*Parker v. Outdoor Channel Holdings*,
2012 WL 6200177 (N.D. Tex. Dec. 12, 2012) .......................................................10

*Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010).....................................................................................1, 3, 4

*Pino v. Viacom, Inc.*,
2008 WL 704386 (D.N.J. Mar. 4, 2008)....................................................................7

*Polsby v. St. Martin's Press, Inc.*,
8 F. App'x 90 (2d Cir. 2001) .......................................................................................3

*Reyher v. Children's Television Workshop*,
533 F.2d 87 (2d Cir. 1976)..........................................................................................6

*Rodriguez v. Heidi Klum Co.*,
2008 WL 4449416 (S.D.N.Y. Sept. 30, 2008)...............................................6, 7, 8, 9

*Sheldon Abend Revocable Trust v. Spielberg*,
748 F. Supp. 2d 200 (S.D.N.Y. 2010).......................................................................4

*Walker v. Time Life Films, Inc.*,
784 F.2d 44 (2d Cir. 1986)......................................................................................1, 6

*Williams v. A&E Television Networks*,
122 F. Supp. 3d 157 (S.D.N.Y. 2015)................................................................4, 8, 9

*Williams v. Crichton*,
84 F.3d 581 (2d Cir. 1996)......................................................................................5, 6

*Zella v. E.W. Scripps Co.*,
529 F. Supp. 2d 1124 (C.D. Cal. 2007) .....................................................................9

**Other Authorities**

4 Melvin B. Nimmer & David Nimmer,
Nimmer on Copyright § 13.03[A][1].........................................................................5

**INTRODUCTION**

On this motion, Defendants have established that, to the extent Plaintiff's treatment for the never-produced reality show *Real Life Cinderellas Atlanta* (the "Treatment") contains *any* protectable elements, the Treatment is not substantially similar to Defendants' reality series, *From the Bottom Up* (the "Series").  By simply reading Plaintiff's Treatment and comparing it with any one or more episodes of the Series—after stripping the works of their abstract ideas and stock elements—only one conclusion can reasonably be reached: no similarity exists between the works' protectable elements.  Plaintiff's copyright infringement claim should be dismissed.

Rather than engage in the necessary substantial similarity analysis, Plaintiff attempts to avoid it entirely.  Plaintiff first argues that discovery and expert testimony should proceed before dismissal, but the Second Circuit has rejected this very argument and has unambiguously held that no discovery is needed to make a substantial similarity determination.  *Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (no discovery necessary because "what is required is only a visual comparison of the works"); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 123 (2d Cir. 1930) (expert witnesses in a copyright infringement case "ought not to be allowed at all").  Failing that means of avoidance, Plaintiff argues that the Court should consider only the allegations of her Complaint, not the Treatment and Series that are integral to her Complaint.  Yet, the Second Circuit has rejected this argument as well, observing that "the works themselves, not [any party's] descriptions or impressions of them, are the real test for claims of infringement." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 51 (2d Cir. 1986).

Next, Plaintiff argues that the "more discerning observer test" is "too ethereal to apply to real works with real expressions."  Opposition ("Opp.") at 14.  But the Second Circuit has used the more discerning observer test for decades where, as here, a work contains both protectable and unprotectable elements.  *See infra* pp. 5-6.  And it has done so with countless "real works,"

including reality television.  When she finally turns to the "real expression" at issue, Plaintiff

repeats the same mantra over and over: substantial similarity exists because both the Treatment

and the Series involve five African-American women who have experienced negative media

publicity or various hardships and who are now turning their lives around.  But repetition of her

argument does not change that the premise for her show is an unprotectable idea.  Plaintiff's

copyright claim fails because she does not, and cannot, show that the expression of this idea is

similar in the Treatment and the Series.  The Court should grant this motion.

## ARGUMENT

### I. A COMPARISON OF THE TWO WORKS IS ALL THAT IS NECESSARY TO DETERMINE SUBSTANTIAL SIMILARITY

It is black letter law in the Second Circuit that all a district court needs to assess substantial

similarity between two works is the works themselves.  *See* Motion to Dismiss ("Mot.") at 13-14.

Plaintiff nonetheless argues that Defendants fail to focus on the sufficiency of the allegations of

her Complaint and instead improperly "opt to hurl purported facts at [her]" about the two works.

Opp. at 9.  Relying on a concurrence to a Ninth Circuit decision and a cherry-picked quote from

an Eleventh Circuit decision,[1] Plaintiff argues that "[d]ismissal of a complaint for lack of

substantial similarity before any discovery is very rare" and that dismissing her claim on a motion

to dismiss before she has had an opportunity to take discovery would be a "draconian" and

---

[1] Not only are these cases not controlling, Plaintiff uses them in a misleading fashion. *Astor-White v. Strong*, 733 F. App'x 407 (9th Cir. 2018) involved a *pro se* plaintiff's treatment for a scripted series—not a reality series.  Against the backdrop that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), and the difficulty comparing treatments and finished products for scripted shows, the Ninth Circuit held that the lower court should not have dismissed with prejudice and granted the *pro se* plaintiff leave to replead.  Plaintiff selectively quotes *Herzog v. Castle Rock Entm't*, 193 F.3d 1241 (11th Cir. 1999) for the proposition that courts are reluctant to "make subjective determinations regarding the similarity between two works."  *Id.* at 1247.  Yet, the very next sentence from *Herzog*—which Plaintiff excluded—demonstrates the opposite: "However, non-infringement may be determined as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar."  *Id.*  The *Herzog* court then granted summary judgment on substantial similarity grounds.

"premature" result.  *Id.* at 10-11.  Plaintiff is wrong on all points.

*First*, the Second Circuit has unambiguously held that where, as here, the works in question are either incorporated by reference or integral to the complaint, "it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." *Peter F. Gaito*, 602 F.3d at 64.  Plaintiff simply ignores that she repeatedly describes and relies on the two works in question—Plaintiff's Treatment and Defendants' Series—in the Complaint and that the works are therefore incorporated by reference.  *See* Compl. ¶¶ 13-15, 19-20, 35, 39-45, 48-50; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (courts may consider documents "integral" to the complaint on Rule 12(b)(6) motion where the complaint "relies heavily upon its terms and effect").  Thus, there is no question that a comparison of the works on this motion to dismiss is entirely appropriate as it necessarily addresses the sufficiency of the Complaint, or in this case, the inherent implausibility of its allegations of substantial similarity. *See* Declaration of Jeremy Chase ("Chase Decl."), Exs. B (Treatment) & C (Series, Seasons 1-3).

*Second*, as noted above, the law is clear that discovery is wholly unnecessary to assess substantial similarity.  Without explaining why a comparison of the works would be inadequate or what information other than the two works the Court might need, Plaintiff posits that "discovery and expert testimony would greatly inform the consideration of substantial similarity" and laments that the Court has "so little evidence before it."  Opp. at 10-11.  Plaintiff is wrong.  Substantial similarity—or the lack thereof—is evident on the face of the Treatment and Series.  Discovery would shed no light on that finding.  *See*, *e.g.*, *Polsby v. St. Martin's Press, Inc.*, 8 F. App'x 90, 92 (2d Cir. 2001) (discovery "not necessary for a comparison of the works in order to assess whether, as to the protect[a]ble elements, they were substantially similar"); *Peter F. Gaito*, 602

3

F.3d at 64 (same).  Likewise, "[t]he opinions of experts or other third parties are irrelevant to a determination of substantial similarity."  *Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 204 n.4 (S.D.N.Y. 2010).  Courts in this Circuit have repeatedly employed their "good eyes and common sense"—as opposed to extrinsic evidence—to dismiss copyright infringement cases without discovery or expert opinions.  *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 102 (2d Cir. 1999).  *See*, *e.g.*, *Peter F. Gaito*, 602 F.3d 57 (affirming dismissal pursuant to Rule 12(b)(6) for lack of substantial similarity based on complaint and works at issue, without expert testimony); *Nobile v. Watts*, 747 F. App'x 879 (2d Cir. 2018) (same).

The only support Plaintiff provides for the proposition that expert discovery is necessary to assess substantial similarity is *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 713 (2d Cir. 1992), a case involving infringement of a computer program—a subject matter that courts acknowledge is not as easily susceptible to lay analysis.  Thus, the *Altai* court expressly observed that its decision was grounded in "the highly technical nature of computer programs" and emphasized that in holding that expert testimony may be necessary to assess substantial similarity of computer programs, it "d[id] not intend to disturb the traditional role of lay observers in judging substantial similarity in copyright cases that involve the aesthetic arts, such as music, visual works or literature."  *Id.* at 713-14.[2]  This Court hardly needs the guidance of an expert to compare a 19-page treatment consisting primarily of clip art and the biographies of proposed cast members, and

---

[2] Striving to find something akin to computer programming on these facts, Plaintiff again looks to the *Astor-White* concurrence out of the Ninth Circuit where Judge Wardlaw observed that "comparing a treatment to a completed work requires specialized knowledge of how treatments are developed into completed television shows."  733 F. App'x at 409; Opp. at 10.  But numerous courts in this Circuit have dismissed actions based on that very same comparison: a treatment and a finished work.  *See*, *e.g.*, *Williams v. A&E Television Networks*, 122 F. Supp. 3d 157, 163-64 (S.D.N.Y. 2015) (granting motion to dismiss claim that reality show *Married at First Sight* infringed treatment for a marriage-themed reality show); *Alexander v. Murdoch*, 2011 WL 2802923 (S.D.N.Y. July 14, 2011), *aff'd*, 502 F. App'x 107 (2d Cir. 2012) (dismissing claim that *Modern Family* television series infringed plaintiff's sitcom treatment and pilot script); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 111-12 (E.D.N.Y. 2011) (granting motion to dismiss claim that *Pros v. Joes* reality show infringed treatment for sports-themed reality show).

a reality series consisting of 21–22-minute episodes depicting a group of women working to overcome their personal problems.  This Court is well-equipped to use its "good eyes and common sense" to compare the two works to assess whether substantial similarity exists.

## II.   PLAINTIFF'S CLAIM FAILS BECAUSE THE TWO WORKS ARE NOT SUBSTANTIALLY SIMILAR

Since the Treatment indisputably contains unprotectable elements—indeed, it consists almost entirely of *scènes à faire*, facts, and undeveloped ideas—the Second Circuit's more discerning observer test is the operative standard to determine whether the Treatment and the Series are substantially similar.  *Effie Film, LLC v. Murphy*, 564 F. App'x 631, 632-33 (2d Cir. 2014).  Recognizing that any dissection of unprotectable elements from her Treatment leaves her claim utterly bare, Plaintiff strains to argue that the more discerning observer test is of only limited application and that it should not apply here.  Plaintiff's effort fails.

### A.   Plaintiff Seeks to Avoid the More Discerning Observer Test Because It Dooms Her Claim

While this Circuit's more discerning observer test requires courts to "inquire only whether 'the *protect[a]ble elements, standing alone*, are substantially similar,'" *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996) (citation omitted), the Court must not analyze the remaining protectable elements divorced from context.  Rather, the Court must be "guided by comparing the total concept and feel of the contested works." *Effie Film*, 564 F. App'x at 632.  It is not surprising then that the more discerning observer test is also frequently referred to as the "total concept and feel" test.  4 Melvin B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[A][1] at 13-36. Regardless of the nomenclature, courts analyzing creative works, including reality television programming, engage in the same analysis: they first strip the work of unprotectable elements and then compare the remaining expression to determine whether substantial similarity exists.

Plaintiff recognizes that this analysis dooms her claim and attempts to avoid its application

5

at every turn.  *First*, she claims that the more discerning observer test applies only where, as in *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759 (2d Cir. 1991), part of the allegedly infringed work is "taken entirely from the public domain."  Opp. at 12-13.[3]  Plaintiff then concludes that because "[n]othing in Lee's treatment comes from the public domain . . . [and] Defendants do not assert that any one of its elements come[s] from the public domain," the test does not apply here. *Id.* at 14.  But the test is not limited to cases involving public domain elements; it applies where the work in question contains both protectable and unprotectable elements, regardless of whether the unprotectable elements are public domain elements, *scènes à faire*, facts, or ideas.  *See*, *e.g.*, *Nobile*, 747 F. App'x 879 (affirming dismissal under more discerning observer test on grounds that similarities shared by screenplay and novel were unprotectable *scènes à faire* and ideas).

*Second*, Plaintiff asks the Court to dispose of the more discerning observer test altogether, arguing—bafflingly—that "[t]he bottom line is that the 'more discerning observer test' is far too ethereal to apply to real works with real expressions."  Opp. at 14.  Plaintiff may consider the test too "ethereal" to apply to real works, but the courts of this Circuit do not.  The Second Circuit has employed this analysis for decades in many contexts, including to claims involving books, films, stage plays, and reality television, among others.  *See*, *e.g.*, *Williams*, 84 F.3d at 588 (comparing children's books with novel and movie); *Walker*, 784 F.2d at 51 (comparing book with film); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976) (comparing children's book with story in *Sesame Street Magazine*); *Effie Film*, 564 F. App'x at 631 (comparing stage play and screenplay).[4]  In short, the more discerning observer test should apply to Plaintiff's claim.

---

[3] To support this conclusion, Plaintiff relies on a 25-year-old case from Georgia declining to follow *Folio*.  *Mastercraft Fabrics Corp. v Dickson Elberton Mills Inc.*, 821 F. Supp. 1503 (M.D. Ga. 1993).  That case does not control here.
[4] *See also Rodriguez v. Heidi Klum Co.*, 2008 WL 4449416 (S.D.N.Y. Sept. 30, 2008) (claim that *Project Runway* infringed treatment for fashion design reality show); *CBS Broad., Inc. v. ABC*, 2003 U.S. Dist. LEXIS 20258 (S.D.N.Y. Jan. 13, 2003) (claim that *I'm a Celebrity...Get Me Out of Here!* infringed *Survivor*); *Hord v. Jackson*, 281 F. Supp. 3d 417 (S.D.N.Y. 2017) (comparing fictional series with teleplay script for series).

B.      The Treatment and Series Are Not Substantially Similar

In their moving brief, Defendants compared the Treatment and the Series and demonstrated conclusively that the two works are far from substantially similar.  It is clear that the plots, characters, theme, mood, and setting of the Treatment are composed entirely of unprotectable ideas, facts, and *scènes à faire*.  *See* Mot. at 18-23.  The Treatment describes an unprotectable idea for a reality show "highlight[ing] the daily lives of women with publicized scandals seeking redemption" without any exposition of how that idea is to be expressed.  *See id.* at 15-18.  It does not propose story lines for a single episode or even broad story arcs for an entire season; it does not describe the format of the program, or provide any detail as to how the characters will develop over time.  *See id.* at 3-5, 15-18; Chase Decl. Ex. B (Treatment).  The few details in the Treatment—the factual biographies of the proposed cast members (all of whom are real people, not characters of Plaintiff's creation) and short phrases listing ideas for themes and "drama," and the setting of Atlanta—are entirely unprotectable.  Once the Treatment's unprotectable elements are set aside, little remains to support a finding of substantial similarity.  Mot. at 15-17.

Plaintiff never engages in any real attempt to rebut this conclusion and show that the content of the Treatment is protectable or that the works' plots, characters, settings, and themes are the same.  Instead, she repeats that because the overall premise for the two works is similar— five African-American women who are struggling to overcome negative media publicity and are "working their way back from the bottom up"—the "total concept and feel" of the works is substantially similar.  *See* Opp. at 6, 7, 11, 16, 18.  But Plaintiff simply does not own a copyright over the idea for a reality show about women overcoming personal struggles.  *See Pino v. Viacom, Inc.*, 2008 WL 704386, at *5 (D.N.J. Mar. 4, 2008) (idea of a "sports-themed reality show that pits amateurs against professional athletes" not protectable); *Rodriguez*, 2008 WL 4449416, at *5 (idea

of a "fashion design reality show" not protectable).[5]   The only other similarities Plaintiff

identifies—the setting of Atlanta and the "number and type of cast members"—fall far short of

establishing a substantially similar "total concept and feel."  Opp. at 19, 21; *Rodriguez*, 2008 WL

4449416, at *5 (no claim despite "specific number of contestants" or the "setting of New York"

being the same).  And with the exception of Maia Campbell (a second season addition to the Series)

and beyond the abstract baseline that they are all women who are overcoming personal struggles,

the cast members in the Series and Treatment are entirely different.  *See* Mot. at 4, 6-7.

Instead of rebutting Defendants' arguments, Plaintiff—in what can only be described as a

tacit admission that the Treatment is comprised of unprotectable elements—invokes the "selection

and arrangement" analysis of *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362, 111 S.

Ct. 1282, 1296 (1991).  Thus, Plaintiff argues that a "work is copyrightable even if it is compiled

entirely of uncopyrightable elements" and that "[i]mportantly, *scènes à faire* are protectable under

copyright if the way the elements are combined is original."  Opp. at 15, 20-21.  But Plaintiff does

not allege that Defendants copied the Treatment's selection or arrangement of unprotectable

elements.  Nor could she.  The Treatment's central idea is only expressed at the highest level of

generality, without specifics, thereby making it less protectable.  *Castorina,* 784 F. Supp. 2d at

111-12 (noting that "the less [a work] uniquely and imaginatively 'selected, coordinated and

arranged' the stock elements contained within," the less protectable it is).

Nor does Plaintiff advance her claim by blithely dismissing the wholesale differences

between the works as "irrelevant."  Opp. at 17.  Plaintiff argues that "there is no surprise—and it

is irrelevant—that differences exist[] between a treatment that was never put into production and

---

[5] *Williams*, 122 F. Supp. 3d at 163 ("Plaintiff does not own an enforceable copyright in the general idea of a reality show about arranged marriages or marriage between strangers."); *Castorina*, 784 F. Supp. 2d at 111-12 (finding plaintiff does not "own an enforceable copyright in the 'basic concept' of a sports reality show, even though the 'value of an unscripted program may lie almost entirely' in that idea").

a television show that has released three full seasons" and that "[u]nder Defendants['] approach, there could never be copyright infringement, so long as the infringer simply produces a television show from a treatment and does not simply create its own treatment." *Id.* That is both an incorrect statement of law and a mischaracterization of Defendants' arguments. First, while the crux of the substantial similarity analysis is to assess the similarities between the protected elements of the two works, differences between the two works are far from "irrelevant." *See*, *e.g.*, *CBS*, 2003 U.S. Dist. LEXIS 20258 (emphasizing differences between *Survivor* and *I'm a Celebrity...Get Me Out of Here!* with respect to expression of characters, tests used to eliminate contestants, etc.). Second, Defendants do not argue that there can *never* be substantial similarity between a treatment and a fully-developed series. But to state a claim based on a treatment, the treatment—like every other plaintiff's work—must contain protected expression and that expression must be substantially similar to the allegedly infringing work. That is not the case here.

Finally, in an effort to avoid the wealth of cases disposing of claims arising out of reality television, Plaintiff invokes a straw man and argues that Defendants "essentially assert" that "reality television show programs are per se ineligible for copyright protection." Opp. at 20. Defendants never made any such argument. And Plaintiff cannot brush aside an entire body of law involving reality television where court after court finds that any similarities amount to unprotectable ideas or *scènes à faire. See*, *e.g.*, *Williams*, 122 F. Supp. 3d at 157 (dismissing action alleging *Married at First Sight* reality series infringed treatment for marriage-themed reality show); *Castorina*, 784 F. Supp. 2d at 111-12 (dismissing claim that *Pros v. Joes* reality show infringed treatment for reality show pitting amateur athletes against professional athletes).[6]

---

[6] *See also Rodriguez*, 2008 WL 4449416, at *5-6 (dismissing claim that *Project Runway* infringes treatment for fashion design reality show because similarities between treatment and *Project Runway* are "predominantly scènes à faire"); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1134-35 (C.D. Cal. 2007) (granting motion to dismiss claim alleging

The two cases Plaintiff cites to support her argument that claims involving reality television can withstand dismissal only underscore why this action should be dismissed. *Parker v. Outdoor Channel Holdings* involved two fully-developed competition reality television programs that followed essentially the same format, rules, and graphics. 2012 WL 6200177, at \*6 (N.D. Tex. Dec. 12, 2012) ("Both shows . . . depict a contest . . . between two bass fishermen who fish out of a single boat. A centerline in the boat, which imaginarily extends beyond the boat and across the water, delineates each fisherman's 'area.'. . . Hosts introduce the competitors, . . . [and] explain the competition rules with the assistance of a graphic showing a boat divided by a center line."). Likewise, in *Dillon v. NBCUniversal Media LLC*, the plaintiff's treatment for a competition-based reality program described the format for his show and plot ideas that the defendants' program also followed. 2013 WL 3581938, at \*6 (C.D. Cal. June 18, 2013). For example, "the Treatment describe[d] such potential tasks as 'heavy weapon qualification,' 'over-the-beach scenarios and ambush techniques' and 'sniper lessons'" and "[t]he first episode of the Program . . . ha[d] the contestants dropping from a helicopter into water, taking a boat onto shore, and demolishing buildings with explosives." *Id.* The *Dillon* court also deemed the similarities between cast members in the two works to be "uncann[y]." *Id.* Here, by contrast, the Treatment lacks any of the detail of the plaintiffs' works in *Parker* and *Dillon*, and the few details in the Treatment are either not protectable or not at all similar to the Series. *See* Mot. at 4-7, 15-17. In sum, there is no basis for a finding of substantial similarity.

### CONCLUSION

Plaintiff cannot establish substantial similarity between her Treatment and Defendants' Series. Accordingly, Defendants respectfully request that the Court grant their motion to dismiss.

---

*Rachael Ray* talk show infringed treatment for reality cooking/talk show because "stock elements of a host, guest celebrities, an interview, and a cooking segment can . . . be characterized as unprotected scènes à faire").

Dated: New York, New York
     July 15, 2019

                        Respectfully submitted,

                        DAVIS WRIGHT TREMAINE LLP

                        */s/ Elizabeth A. McNamara*
                        Elizabeth A. McNamara
                        Jeremy A. Chase
                        Meredith I. Santana
                        1251 Avenue of the Americas, 21st Floor
                        New York, New York  10020-1104
                        Telephone: (212) 489-8230
                        Email: lizmcnamara@dwt.com
                               jeremychase@dwt.com
                               meredithsantana@dwt.com

                        *Attorneys for Defendant Black Entertainment*
                        *Television LLC*

                        EISENBERG TANCHUM & LEVY LLP

                        */s/ Stewart L. Levy*
                        Stewart L. Levy
                        707 Westchester Avenue, Suite 300
                        White Plains, New York 10604
                        Telephone: (212) 599-0777
                        Email: slevy@etllaw.com

                        *Attorneys for Defendant Flavor Unit Entertainment, Inc.*

                        NICOLE J. COWARD, PLLC

                        */s/ Nicole J. Coward*
                        Nicole J. Coward
                        8 West 126th Street, 3rd Floor
                        New York, New York 10027
                        Telephone: (646) 798-4500
                        Email: nicole@nicolecowardlaw.com

                        *Attorneys for Defendant Nicci Gilbert*