UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
LATOSHA LEE,

                Plaintiff,

      -against-                                          19-cv-02751 (LAK)

BLACK ENTERTAINMENT TELEVISION, LLC;
FLAVOR UNIT ENTERTAINMENT, INC.; NICCI
GILBERT,

                Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The Court previously dismissed this action for failure to state a claim for copyright infringement. In doing so, the Court explained that "the heart of [plaintiff] Lee's allegation is that the defendants copied her idea" for a reality television show, but identified only "high-level similarities" between defendants' show and plaintiff's copyrighted treatments[1] and sizzle reel,[2] rather than any "protected expression [of her idea]."[3] Based on the complaint and materials the parties placed on the record, the Court therefore was "unable to assess what specific elements of her work Lee believe[d] are protected and how she believe[d] the defendants copied these elements in their work."[4] The Court instructed that, should plaintiff file an amended complaint, she must "submit as

---

[1] The treatments outline plaintiff's concept for her reality television show, *Real Life Cinderellas of Atlanta.* DI 41 Ex. 1, DI 46 Ex. 2. The treatments consist primarily of background on the proposed cast members.

[2] A "sizzle reel" is similar to a movie trailer, providing an overview of the content for a proposed television show.

[3] DI 34 at 1.

[4] *Id.*

all derivative works she believes are protected by her copyright."[5]

Plaintiff filed her First Amended Complaint ("FAC") in November 2019.[6] In addition to her copyright infringement claim, she now alleges a state law claim against all defendants for misappropriation of ideas. She alleges also a state law claim for breach of implied-in-fact contract against defendants Black Entertainment Television ("BET") and Flavor Unit Entertainment. Plaintiff has since voluntarily dismissed this claim against Flavor Unit Entertainment.[7] Defendants move to dismiss all claims.

Ignoring the Court's directive to submit with the FAC "any and all" derivative works protected by her copyright, plaintiff submitted the sizzle reel only as an attachment to her opposition papers. While in other circumstances the Court may consider this belated exhibit on defendants' motion to dismiss,[8] here, *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*[9] and 17 U.S.C. § 411(a) bar plaintiff from maintaining an action alleging that defendants infringed on this work. Section 411(a) of the Copyright Act mandates that copyright registration is a prerequisite to filing an infringement suit. *Fourth Estate* explained that this registration requirement was "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights," and therefore must be completed before initiating a lawsuit for copyright infringement.[10]

Here, plaintiff registered the sizzle reel with the Copyright Office seven months after the original complaint was filed, but prior to the filing of the FAC.[11] The Court agrees with the reasoning in *Malibu Media, LLC v. Doe*,[12] a recent case from this district, extending the registration requirement to amended complaints. As explained in *Malibu Media,* a contrary result "would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to

---

[5] *Id.* at 2 n.3.

[6] DI 41.

[7] DI 55.

[8] *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[9] 139 S.Ct. 881 (2019).

[10] *Id.* at 887.

[11] DI 46 Ex. 4.

[12] No. 18-cv-10956, 2019 WL 1454317 (JMF) (S.D.N.Y. Apr. 2, 2019).

filing suit [since] a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred."[13] Plaintiff's infringement claim as to the sizzle reel is therefore dismissed.

Nor can plaintiff maintain an infringement claim as to the treatments. The FAC suffers from the same deficiencies identified in the original complaint. Critically, the FAC does not provide the Court with any useful new insight into what specific elements of the copyrighted work plaintiffs believes to be protected. The FAC is virtually unchanged from the complaint dismissed for failure to state a claim.[14]

The second and "shrunk" treatments attached to the FAC do not bolster plaintiff's insufficient allegations. The first and second treatments were included with the record considered on the defendants' motion to dismiss the original complaint.[15] The first and second treatments differ only in that they include different cast members. The "shrunk" treatment is a condensed version of the second treatment, including the same descriptions of the proposed themes and cast members, but without any of the graphics included in the second treatment. As an abridged version of material determined previously to be unhelpful in assessing plaintiff's claim, the addition of the "shrunk" treatment into the record does not alter the Court's conclusion.

For the foregoing reasons, plaintiff's copyright infringement claim is dismissed. Only plaintiff's state law claims remain. The only jurisdictional basis plaintiff asserts for these claims

---

[13] *Id.* at *2.

[14] Plaintiff's new allegations include a single sentence expanding on the "theme and mood" of her proposed television show and the addition of the word "very" to an otherwise unchanged allegation that the proposed cast of plaintiff's show "detailed *very* specific types of women who have all been involved with public scandals." *Id.* ¶ 16 (emphasis added).

The only substantive addition was plaintiff's expanded description of the sizzle reel, but this is immaterial for the reason explained above. And even if the sizzle reel could form the basis of an infringement claim, the new allegations merely repeat what was alleged elsewhere in the complaint. For example, the new allegation states that in the sizzle reel, the cast members "jointly participate in various activities such as a pole dancing class," discuss their struggles and negative media portrayals, have conversations to "promote 'sisterhood' and positivity," and includes "snippets of [the characters'] every day life." *Id.* ¶ 19. These allegations are no more elucidating than those from the original complaint which included that the premise of plaintiff's proposed show was to feature women "who have all experienced media scandals and [were] working toward turning their life around," and that the sizzle reel depicted the cast members "participat[ing] in a pole dancing class." Compl. [DI 1] ¶¶ 14, 17.

[15] DI 28 Exs. B, E.

is supplemental jurisdiction.[16]  Other than the previous motion, there have been no substantial proceedings in this case.  No useful purpose would be served by retaining the state law claims.  The Court thus exercises its discretion to dismiss the remaining state law claims for lack of supplemental jurisdiction.

        Defendants' motion to dismiss the FAC [DI 44] is granted.

        SO ORDERED.

Dated:        March 5, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[16] FAC ¶ 9.