UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
LATOSHA LEE,

                        Plaintiff,

          -against-                                            19-cv-02751 (LAK)

BLACK ENTERTAINMENT TELEVISION, LLC;
FLAVOR UNIT ENTERTAINMENT, INC.; NICCI
GILBERT,

                        Defendants.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        The Court dismissed this action for failure to state a claim on March 6, 2020, and judgment was entered the same day [Dkt. 56, 57]. On May 12, 2020, plaintiff, then proceeding *pro se*, filed a motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5) to file a notice of appeal [Dkt. 58], a motion for leave to proceed *in forma pauperis* on appeal [Dkt. 59], and a notice of appeal [Dkt. 60].

        Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed within 30 days after the entry of the judgment or order appealed from. Plaintiff's notice is untimely because it was filed 67 days after the entry of the judgment appealed from.

        Rule 4(a)(5)(A) allows a district court to extend the time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

        The Court is sympathetic to plaintiff's claim that the COVID-19 pandemic impeded her ability to file a timely notice of appeal. However, "[c]ompliance with Rule 4(a) is mandatory

and jurisdictional."[1]  This rule applies even to *pro se* litigants.[2]  In view of the fact that plaintiff moved for an extension of time more than 30 days after the time prescribed by Rule 4(a) expired, Rule 4(a)(5)(A) does not allow the Court to grant her an extension of time, regardless of whether she has shown excusable neglect.[3]

Although plaintiff's motion is filed under Rule 4(a)(5), the Court concludes also that she is not entitled to an extension of time under Rule 4(a)(6).  That rule allows a district court to reopen the time to file a notice of appeal for a period of 14 days if (1) the court finds that the moving party did not receive notice of the entry of judgment within 21 days of entry, (2) the motion for an extension of time is filed within 180 days of the entry of judgment, or within 14 days of the party's receipt of notice of the judgment, whichever is earlier, and (3) the court finds that no party would suffer prejudice.[4]  Plaintiff does not claim that she did not receive notice of the entry of judgment within 21 days.[5]

The filing of a notice of appeal ordinarily "divests a district court of jurisdiction as to matters covered by the notice."[6]  However, this divestiture rule is not invoked by the "filing [of] a plainly unauthorized notice of appeal which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal."[7]  As the foregoing discussion makes clear, plaintiff's appeal is unauthorized because the Court of Appeals plainly is without jurisdiction.

---

[1]  *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (citation and quotation marks omitted).

[2]  *Cohen v. Empire Blue Cross and Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998).

[3]  Plaintiff's motion for an extension of time is dated May 4, 2020.  While this date would be within the 30-day period proscribed by Rule 4(a)(5)(A), plaintiff did not file the motion until May 12, 2020 and it was not entered on the docket until May 13, 2020.  Because a motion is not made until it is filed, the purported May 4, 2020 signing date does not control.

[4]  *In re Worldcom, Inc.*, 708 F.3d 327, 332 (2d Cir. 2013).

[5]  Although plaintiff filed the motions discussed in this order *pro se*, she was represented by counsel at the time final judgment was entered.  Moreover, until plaintiff filed these motions, neither she nor her counsel indicated to the Court that their attorney-client relationship had concluded.  As far as the docket reflects, plaintiff still is represented.

[6]  *United States v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996).

[7]  *Id.*

3

That leaves the motion for leave to proceed *in forma pauperis*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."[8] "'[G]ood faith' in this context must be judged by an objective standard. We consider a defendant's good faith in this type of case demonstrated when [she] seeks appellate review of any issue not frivolous."[9] An appeal is frivolous "if it 'lacks an arguable basis either in law or in fact.'"[9] Because the Court of Appeals lacks appellate jurisdiction, there is no non-frivolous basis for plaintiff's appeal. Moreover, plaintiff's federal claim is without an arguable basis in law or fact for the reasons explained in the Court's dismissal orders – namely, that plaintiff's theory that the defendants copied her idea rather than a protected expression is not actionable, and that plaintiff failed to register a copyright on some of the allegedly infringed materials before filing suit.[10] Likewise, any argument that the district court abused its discretion by declining to exercise supplemental jurisdiction over plaintiff's state law claim after dismissing her federal claim would be frivolous.[11]

Accordingly, the motions for an extension of time [Dkt. 58] and for leave to proceed *in forma pauperis* [Dkt. 59] are denied.

SO ORDERED.

Dated:      May 15, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[8] 28 U.S.C. § 1915(a)(2).

[9] *Coppege v. United States*, 369 U.S. 438, 445 (1962).

[9] *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[10] *See* Dkts. 34, 56.

[11] Although the Court finds that a challenge to its dismissal of the state law misappropriation of ideas claim would be frivolous, this so only because the ground for the dismissal was that the Court declined to exercise supplemental jurisdiction. The misappropriation of ideas claim was dismissed not on its merits, and nothing in this memorandum and order should be understood as passing on the merits of that claim, which plaintiff is free to pursue in state court.